GEORGE L. WILLIAMS, Appellant, v. NORWOOD-WHITE COAL COMPANY, Appellee.

**Mines and mining:** INJURY TO WORKMAN: CONTRIBUTORY NEGLIGENCE: ASSUMPTION OF RISK: EVIDENCE. In this action for injury to a coal miner, resulting from a fall of slate from the roof of the mine, the evidence is reviewed and held to show that he was guilty of negligence as a matter of law in failing to sound the roof of the mine to ascertain its condition, and that as a matter of law he assumed the risk, the dangers of which he knew.

*Appeal from Polk District Court.*—HON. JESSE A. MILLER, Judge.

TUESDAY, MARCH 15, 1910.

THIS is an action for personal injuries resulting from a fall of slate in a coal mine. There was a directed verdict for the defendant, and the plaintiff appeals.—A*ffirmed.*

*E. A. Lingenfelter,* for appellant.

*Hewitt & Wright* and *C. Woodbridge,* for appellee.

EVANS, J.—The plaintiff was an experienced coal miner. The accident in question occurred in his room while mining coal. He was engaged in mining a "shot" which had been fired some five or six days before. A part of the coal had been taken from such "shot" on the same day, and work thereon was then suspended until the day of the accident. This "shot" consisted of a solid pillar about three feet thick and six or seven feet long. Upon entering his room in the morning, the plaintiff carefully examined the roof for loose rock, and found it to be very sound and solid. After taking out two cars of coal, he examined it again, and "it sounded solider than it had before." He thought that it was "perfectly safe," and that "there wasn't any danger of falling." It was generally customary for the plaintiff to sound the roof after taking out each car. At this time, however, he was so impressed with the manifest safety of the roof that he sounded it only twice; that is, upon first entering and after taking out his second car. About an hour and three-quarters after the last sounding, and while he was working upon his fourth car, a fall of slate occurred which resulted in breaking his leg.

It is conceded that it was the duty of the plaintiff

to protect himself against such an accident while in his own room, and that the defendant owed no duty with respect thereto except the duty of furnishing props when needed. The only negligence charged against the defendant is the failure to furnish props. The plaintiff placed his order for props as he entered the mine in the morning. The general rule in that mine was that props were sent within a day or two after they were ordered, by which we understand that the orders were usually placed a day or two in advance of need. It is claimed by plaintiff, however, that, when he placed his order on this particular morning, the boss assured him that they would be sent "right away." He does not claim that he requested that they be sent "right away," nor does he claim that he believed, at that time or later, that he had immediate need for them. The accident happened at 11:30 in the forenoon. At no time did the plaintiff discover or suspect a condition which would require a prop. Nor is there any evidence tending to show that he would have used a prop at this time and place if he had it. On the contrary, it appears conclusively from his own testimony that he would not have done so. He was working in close quarters. The use of a prop under the particular part of the roof which fell would have rendered it very difficult, if not impossible, for him to pick the column of coal at the particular place at which he was working. The plaintiff testified: "I am an experienced miner, and know as well as any man how to sound a roof, and when it is beginning to get loose, and when it is likely to fall." He had never before missed in his judgment in respect to such matter, and this was his first accident. He also testified that a "roof may sound solid at one time and fifteen or twenty minutes afterwards let loose." For this reason, he usually tested the roof after taking out each car.

Assuming, therefore, that the foreman assured the plaintiff that the props would be sent "right away," and

that the plaintiff was expecting them accordingly, we are unable to see a causal relation between the failure of the foreman to send the props and the accident; and, if there were such causal relation, then plaintiff was guilty of contributory negligence in failing to sound his roof in accordance with his usual custom after each car, or else he voluntarily assumed a risk which he knew and fully appreciated. The case of *Lamuney v. Center Coal Co.*, 144 Iowa, 640, is quite conclusive against the plaintiff. See, also, *Wahlquist v. Coal Co.*, 116 Iowa, 720.

We see no ground of recovery against the defendant disclosed by plaintiff's evidence. The trial court properly directed a verdict, and its order is *affirmed*.